**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**FAUTUA MAIAVA, Defendant**

High Court of American Samoa
Trial Division

CR No. 4-93

April 28, 1993

Before KRUSE, Chief Justice, MAILO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Donald M. Sheehan, Assistant Attorney General
For Defendant, Levaula Kamu

Defendant Fautua Maiava brought two pre-trial motions.

*A. On Motion to Suppress Written Statement*

Defendant moves to suppress the written statement provided to a Special Investigator of the Department of Public Safety. He contends that the statement was made while he was in a custodial situation, as "the target of police investigation," and that the failure to provide him with his constitutional rights at that time prevents the admission of the statement.

We are not persuaded, however, that the defendant, a police officer himself, was in a custodial situation at the time the statement was made. Nor do we find any indication that the statement was less than fully voluntary. The Special Investigator testified that the defendant was not the "target" of the investigation when Fealofa'i provided his written statement, only hours after the alleged incident occurred. To the contrary, the Special Investigator merely wanted to find out "what had happened," in general terms, and did not question the defendant with an eye towards confirming any pre-existing theory as to what had occurred. The defendant was not arrested after giving his statement.

While it is true that the statements were given at the Tafuna Police Substation, this was the defendant's place of employment, a familiar and non-threatening environment. The defendant was on duty at the time the statement was made. The Special Investigator was not wearing any sort of uniform which might intimidate the defendant, nor was it certain that he even outranked the defendant. There was no indication that defendant was not free to leave (save, perhaps, that he was still on duty) or that he was compelled to provide the written statement. In short, there was no evidence that the defendant was in a custodial situation at any time or that a coercive atmosphere existed, when he provided his written statement.

The Motion to Suppress the Written Statement of the Defendant is, therefore, DENIED.

### B.  On Motion to Suppress Photographic Line-Up

Defendant's other motion, to suppress any and all information obtained as a result of the photographic line-up conducted by the Attorney General's office, alleges that the method of identification of the defendant was unduly prejudicial. According to the Attorney General's investigator, Sam Matagi, the alleged victims were shown an array of twenty-one photographs. Of these photographs, snipped from driver's licenses, seven were of the defendants in the present case, four were of other safety officers present at either Kanana Fou or the O.M.V. police substation on the night in question, while the balance was a mix of safety officers not present that night and ordinary civilians. According to Matagi, on the reverse of each of the photographs was a number. When the alleged victims singled out one of the photographs, Matagi would note down the number, then correlate that number with the appropriate name. In some instances, the alleged victims knew the name of the officer already. Matagi testified that under no circumstances did he

21

suggest to the alleged victims the names of the defendants or single out one particular photograph for special attention.

The defendant alleges that this photographic line-up procedure was unduly suggestive and prejudicial. We disagree. In determining admissibility of identification testimony, "reliability is the linchpin." *Government of American Samoa v. Afamasaga*, 17 A.S.R.2d 145, 147 (1990) (quoting *Manson v. Braithwaite*, 432 U.S. 98, 114 (1977)). In *Afamasaga*, we rejected the defendant's allegation that a one-on-one confrontation was unduly suggestive, after noting that "even an impermissibly suggestive identification procedure does not render an identification inadmissible if, in the totality of circumstances, the identification was nonetheless reliable." *Id.* at 146. Factors which are to be considered in judging reliability include

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Id.* at 147. The identification procedure used in the instant case is less susceptible to the charge of suggestiveness than the one challenged in *Afamasaga*. There is no reason to question either the reliability of the photo line-up or the sworn testimony of the Attorney General's investigator to the effect that he did not suggest the names of any of the defendants.

The Motion to Suppress the Photographic Line-Up is, therefore, DENIED.

In addition, the court, upon its discretion and in accordance with T.C.R.Cr.P Rule 14, orders that the trial of the defendant be partially severed from those of the other defendants. The defendant Fautua Maiava shall be tried together with defendants Tamasamoa Tauai, Ronald Tui, and Peniamina Wilson.

It is so ordered.